UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANGELA BROOKS-NGWENYA, | |
| Plaintiff, | |
| v. | CASE NO. 1:25-CV-559-HAB-ALT |
| THE MIND TRUST, et al., | |
| Defendants. | |

**OPINION AND ORDER**

*Pro se* Plaintiff Angela Brooks-Ngwenya has filed a Complaint against Defendants The Mind Trust, Bart Peterson, and David Harris (ECF No. 1), along with a Motion to Proceed In Forma Pauperis (IFP) pursuant to 28 U.S.C. § 1915(a). (ECF No. 2). She has also filed a Motion to Submit Amended and Supplemental Pleadings. (ECF No. 6). A plaintiff is entitled to amend the complaint once as a matter of right within 21 days of serving the initial complaint. Fed. R. Civ. P. 15(a). Because the initial complaint has not yet been served, the Court grants Brooks-Ngwenya's motion and considers her Amended Complaint to be the operative complaint at this time. *See Massey v. Helman*, 196 F.3d 727 (7th Cir. 1999) ("[W]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward.")

The Court first addresses the IFP motion. Pursuant to 28 U.S.C. § 1915, the court "may authorize the commencement [of this case] without pre-payment of fees [if] the person is unable to pay such fees . . .." A person is unable to pay the filing fee if "because of his poverty [doing so would result in the inability] to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks omitted). Here,

Brooks-Ngwenya has no income other than a monthly EBT payment. She also reports that she has no assets. The Court finds that Brooks-Ngwenya has shown that paying the filing fee would result in the inability to provide for the necessities of life and grants the motion to proceed IFP.

However, in assessing whether a plaintiff may proceed IFP, district courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant. The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Further, "[c]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

To proceed in federal court, Brooks-Ngwenya has the burden to establish subject matter jurisdiction, which is ordinarily accomplished through federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. Brooks-Ngwenya has not met this burden from the face of the Amended Complaint. In the Amended Complaint, Brooks-Ngwenya alleges that she holds "legal copyrights" on an educational program used in the Indianapolis Public Schools. Am. Compl. ¶ 1. She appears to allege that Defendants "copied" a program she has copyrighted and have in the past and continue to "promot[e]" her program without her consent. *Id.* ¶¶ 4-10. Construing the Amended Complaint liberally, as is appropriate for *pro se* complaints, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court could infer that Brooks-Ngwenya intends to bring this suit pursuant to federal copyright laws, which would confer this Court with federal question jurisdiction. However, in the "relief" section of her Amended Complaint, Brooks-

2

Ngwenya states: "I am seeking compensation for loss of income, Salary of $100,000.00 for the past 23 years, per-year. (No Infringement Charges)." Am. Compl. ¶ 11. If Brooks-Ngwenya does not intend to bring federal copyright infringement charges, she must assert other grounds for this Court's subject matter jurisdiction.

Additionally, the Amended Complaint Brooks-Ngwenya filed in this case is very similar to an earlier complaint she filed in this District. *See Brooks-Ngwenya v. The Mind Trust*, No. 1:16-cv-00193 (N.D. Ind., filed June 6, 2016). While she included additional defendants in the earlier case, all three current Defendants were sued in the prior case. The allegations appear very similar. District Court Judge for the Northern District of Indiana Philip P. Simon ultimately dismissed the earlier case on the merits, with prejudice. *See* 6/8/17 Op. & Order, No. 1:16-cv-00193 (ECF No. 147). Seven years later, in 2024, Brooks-Ngwenya filed a motion to reopen that case, "based on documentary evidence of new facts." *See* Motion to Reopen, No. 1:16-cv-00193 (ECF No. 153). In denying the motion to reopen, Judge Simon warned Brooks-Ngwenya not to file any more frivolous motions, also noting that she is now a restricted filer in the Southern District of Indiana. 2/15/24 Order, No. 1:16-cv-00193 (ECF No. 154). In the Order Restricting New Filings, the Chief Judge for the Southern District of Indiana, Tanya Walton Pratt, stated that Brooks-Ngwenya "has litigated the same issues in at least eight lawsuits in this Court, four lawsuits in the Northern District of Indiana, and in five appeals in the United States Court of Appeals for the Seventh Circuit." Order Restricting New Filings, *In the Matter of Angela Brooks Ngwenya*, No. 1:22-mc-00031 (S.D. Ind. Apr. 21, 2022).

Considering the similarities between the Amended Complaint before us in this case and the complaints Brooks-Ngwenya filed in the case before Judge Simon, the Court is concerned that Brooks-Ngwenya may to be attempting to circumvent her restricted-filer status in the Southern

District and Judge Simon's Order denying her motion to reopen by filing the instant case. However, the Court will allow Brooks-Ngwenya an opportunity to file an amended complaint that (1) sets forth grounds for federal subject-matter jurisdiction and (2) distinguishes this case from her prior case in this District.

Accordingly, the Court:

(1) GRANTS the motion for IFP (ECF No. 2);

(2) GRANTS the Motion to Submit Amended and Supplemental Pleadings (ECF No. 6); and

(3) GRANTS Brooks-Ngwenya until January 9, 2026 to submit a second amended complaint.

**SO ORDERED** this 11th day of December 2025.

        s/Holly A. Brady
        CHIEF JUDGE HOLLY A. BRADY
        UNITED STATES DISTRICT COURT