**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| ANGELA BROOKS-NGWENYA, | |
| Plaintiff, | |
| v. | CASE NO. 1:25-CV-559-HAB-ALT |
| THE MIND TRUST, et al., | |
| Defendants. | |

### OPINION AND ORDER

*Pro se* Plaintiff Angela Brooks-Ngwenya filed her initial Complaint against Defendants The Mind Trust, Bart Peterson, and David Harris on October 17, 2025 (ECF No. 1)[1], along with a Motion to Proceed In Forma Pauperis (IFP) pursuant to 28 U.S.C. § 1915(a), (ECF No. 2). She filed a Motion to Submit Amended and Supplemental Pleadings (ECF No. 6) on November 21, 2025). On December 11, 2025, the Court granted the motion for IFP and granted the motion to submit amended and supplemental pleadings. (ECF No. 8).

In the same Order, the Court also reviewed Brooks-Ngwenya's Amended Complaint under 28 U.S.C. § 1915(e)(2)(B) and concluded it was deficient for two reasons. *See id.* First, the Court found that Brooks-Ngwenya had not articulated grounds for this Court's subject matter jurisdiction. Second, the Court noted that the allegations contained in the Amended Complaint appeared very similar to an earlier complaint she had filed in this District, which had been dismissed on the merits, with prejudice. *See* 6/8/17 Op. & Order, *Brooks-Ngwenya v. The Mind Trust*, No. 1:16-cv-00193 (N.D. Ind., filed June 6, 2016). Seven years after that case was dismissed,

---

[1] In her Third Amended Complaint (ECF No. 16)—now the operative complaint—Brooks-Ngwenya removed The Mind Trust as a Defendant and added The Office of Education Innovation, Mayor Sponsored Charter Schools Program as an additional Defendant.

Brooks-Ngwenya filed a motion to reopen that case, which was denied. 2/15/24 Order, No. 1:16-cv-00193. In denying that motion to reopen, Judge Philip P. Simon warned Brooks-Ngwenya not to file any more frivolous motions, also noting that she is now a restricted filer in the Southern District of Indiana. *Id.* Considering the similarities between her Amended Complaint in this case and the complaints Brooks-Ngwenya had filed in her prior Northern District of Indiana case, as well as her restricted-filer status in the Southern District, the Court was concerned that Brooks-Ngwenya was attempting to circumvent her restricted-filer status in the Southern District and Judge Simon's Order denying her motion to reopen by filing the instant case.

For these reasons, the Court allowed Brooks-Ngwenya until January 9, 2026 to file an amended complaint that (1) set forth grounds for federal subject-matter jurisdiction and (2) distinguished this case from her prior case in this District. *Id.* Brooks-Ngwenya timely filed an amended complaint. (ECF No. 16).[2] In her Third Amended Complaint, Brooks-Ngwenya does articulate grounds for subject matter jurisdiction—specifically, federal copyright infringement and retaliation under Title VII of the Civil Rights Act of 1964. *See* ECF No. 16-1 at 13-26.

However, the Third Amended Complaint fails to rectify the second deficiency identified by the Court: Brooks-Ngwenya does not distinguish the instant case from her prior case in this District. On the complaint form, under two questions—"Have you ever sued anyone for these exact same claims?" and "Have you ever sued anyone for this exact same event?"—she checked box labeled "Yes, attached is a copy of the final judgment OR an additional sheet listing the court, case

---

[2] Brooks-Ngwenya filed her Second Amended Complaint on January 9, 2026 (ECF No. 12), concurrently with a Motion to Submit Amended Complaint and Attachments in Support (ECF No. 11), and a Motion to Submit Request to Rely on Previous Filed Exhibits (ECF No. 13). Magistrate Judge Andrew L. Teel denied the two motions and allowed Brooks-Ngwenya until January 28, 2026 to file one document stating her claim for relief. (ECF No. 14). Brooks-Ngwenya filed her Third Amended Complaint on January 27, 2026. (ECF No. 16). This Third Amended Complaint is the operative complaint of record and the one addressed in this order. *See* ECF No. 17.

number, file date, judgment date, and result of the previous case(s)." (ECF No. 16 at 1, 3). In the attachments to her Third Amended Complaint, Brooks-Ngwenya attaches an order from the prior Northern District of Indiana case that granted in part and denied in part a motion to compel she had filed against the defendant. (ECF No. 16-1 at 1-2 (citing 4/13/17 Order, 1:16-cv-193 (ECF No. 117)).[3] She did not otherwise reference the prior case and did not attach or otherwise acknowledge the final judgment denying that case on the merits.

Dismissal under 28 U.S.C. § 1915(e)(2)(B) is proper "when it is clear from the face of the complaint that res judicata bars the claims." *Atherton v. St. Vincent Hosp.*, 774 Fed. Appx. 304, 305 (7th Cir. 2019) (internal quotation marks omitted). Res judicata bars issues which were actually decided in a prior suit as well as all issues which could have been raised in that action. *Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 338 (7th Cir. 1995). The doctrine minimizes "the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-54 (1979).

Despite this Court's explicit direction in its December 11, 2025 Order, Brooks-Ngwenya provided no explanation in her Third Amended Complaint as to how this case can be distinguished from the prior case she filed in this District. The Court, on its own review, sees many similarities between the two cases. Two of the Defendants in this case—Bart Peterson and David Harris— were explicitly included as Defendants in the last case. The third Defendant, "The Office of Education Innovation Mayor Sponsored Charter Schools Program" appears to be at least related

---

[3] Brooks-Ngwenya also includes documents related to a Consumer Complaint she filed with the Office of the Indiana Attorney General which was then transferred to the Office of Education Innovation, as well as correspondence with the Mayor's Office and MSCS Indiana Charter School Advocacy. (ECF No. 16-1 at 4-13.

to the "Mayor Sponsored Charter Schools Program" listed as a defendant in the prior case. In the prior case, Brooks-Ngwenya brought claims for copyright infringement, wrongful infliction of emotional distress, and breach of contract. In this case, she again brings claims for copyright infringement, though she brings additional claims as well. Both lawsuits appear to arise from alleged infringement of Brooks-Ngwenya's copyright on materials she developed for the Transitioning into Responsible Students educational program.[4]

The problems do not end with the comparison to Judge Simon's case. As noted above, Brooks-Ngwenya is a restricted filer in the Southern District of Indiana. In the Order Restricting New Filings, the Chief Judge for the Southern District of Indiana, Tanya Walton Pratt, stated that Brooks-Ngwenya "has litigated the same issues in at least eight lawsuits in this Court, four lawsuits in the Northern District of Indiana, and in five appeals in the United States Court of Appeals for the Seventh Circuit," noting that she has amassed thousands of dollars in unpaid filing fees. Order Restricting New Filings, *In the Matter of Angela Brooks Ngwenya*, No. 1:22-mc-00031 (S.D. Ind. Apr. 21, 2022). A full summary of Brooks-Ngwenya's litigation history up until April 2022 is detailed in an order issued by the Southern District of Indiana in *Brooks-Ngwenya v. Pritchett*, No. 1:21-cv-02631 (S.D. Ind. Apr. 21, 2022).

It is clear that Brooks-Ngwenya has already brought variations of this same case many times within this Circuit. The Southern District of Indiana has restricted her ability to file new cases in that court. The Seventh Circuit has warned her that "further appeals of dismissals of claims that [Brooks-Ngwenya] has previously litigated or new litigation on these same issues may result

---

[4] On her civil complaint form, Brooks-Ngwenya lists "copyright infringement, retaliation, defamation of character, and punitive damages" under "Relief." ECF No. 16 at 3. In the attachment to that form, she includes a more detailed document alleging claims for copyright infringement, retaliation under Title VII, and defamation of character, and seeking damages including punitive damages. *See* ECF No. 16-1 at 13-26.

in sanction. Failure to pay them may lead to an order under *Support Systems International, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995), forbidding her from filing papers in any court within this circuit." *Brooks-Ngwenya v. Indianapolis Public Schools*, 766 Fed. Appx. 373, 376 (7th Cir. 2019). She was warned by Judge Simon, in this District, not to file any more frivolous motions, when he denied her motion to reopen her case. The Court offers the same warning here.

Based on the foregoing, Brooks-Ngwenya's Third Amended Complaint (ECF No. 16) is DISMISSED.

**SO ORDERED** this May 5, 2026.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

5