**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | |
|---|---|
| ANGELA BROOKS-NGWENYA,<br><br>Plaintiff,<br><br>v.<br><br>THE MIND TRUST, et al.,<br><br>Defendants. | CASE NO. 1:25-CV-559-HAB-ALT |

**OPINION AND ORDER**

*Pro se* Plaintiff Angela Brooks-Ngwenya filed her initial Complaint against Defendants The Mind Trust, Bart Peterson, and David Harris on October 17, 2025 (ECF No. 1)[1], along with a Motion to Proceed In Forma Pauperis (IFP) pursuant to 28 U.S.C. § 1915(a), (ECF No. 2). She filed a Motion to Submit Amended and Supplemental Pleadings (ECF No. 6) on November 21, 2025). On December 11, 2025, the Court granted the motion for IFP and granted the motion to submit amended and supplemental pleadings. (ECF No. 8).

In the same Order, the Court also reviewed Brooks-Ngwenya's Amended Complaint under 28 U.S.C. § 1915(e)(2)(B) and concluded it was deficient for two reasons. *See id.* First, the Court found that Brooks-Ngwenya had not articulated grounds for this Court's subject matter jurisdiction. Second, the Court noted that the allegations contained in the Amended Complaint appeared very similar to an earlier complaint she had filed in this District, before Judge Philip P. Simon, which had been dismissed. *See* 6/8/17 Op. & Order, *Brooks-Ngwenya v. The Mind Trust*, No. 1:16-cv-00193 (N.D. Ind., filed June 6, 2016). Seven years after that case was dismissed,

---

[1] In her Third Amended Complaint (ECF No. 16) Brooks-Ngwenya removed The Mind Trust as a Defendant and added The Office of Education Innovation, Mayor Sponsored Charter Schools Program as an additional Defendant.

Brooks-Ngwenya filed a motion to reopen it, which was denied. 2/15/24 Order, No. 1:16-cv-00193. In denying that motion to reopen, Judge Simon warned Brooks-Ngwenya not to file any more frivolous motions, also noting that she is now a restricted filer in the Southern District of Indiana. *Id.* Considering the similarities between her Amended Complaint in this case and the complaints Brooks-Ngwenya had filed in her prior Northern District of Indiana case, as well as her restricted-filer status in the Southern District, the Court was concerned that Brooks-Ngwenya was attempting to circumvent her restricted-filer status in the Southern District and Judge Simon's Order denying her motion to reopen by filing the instant case.

For these reasons, the Court allowed Brooks-Ngwenya until January 9, 2026 to file an amended complaint that (1) set forth grounds for federal subject-matter jurisdiction and (2) distinguished this case from her prior case in this District. *Id.* Brooks-Ngwenya timely filed an amended complaint. (ECF No. 16). The Court then reviewed this Third Amended Complaint under 28 U.S.C. § 1915(e)(2)(B). The Court found that Brooks-Ngwenya did correct the first deficiency—failure to articulate grounds for subject matter jurisdiction—by specifying that she brought federal copyright infringement claims as well as claims of retaliation under Title VII of the Civil Rights Act of 1964. *See* ECF No. 16-1 at 13-26.

However, the Court found that the Third Amended Complaint failed to rectify the second deficiency identified by the Court: Brooks-Ngwenya did not distinguish the instant case from her prior case in this District. Because Brooks-Ngwenya failed to comply with its Order directing her to distinguish this case from her prior cases, and because it otherwise determined her case to be barred by *res judicata*, the Court found that dismissal was appropriate. (ECF No. 18).

In the time since the Court issued its Opinion and Order dismissing the case, Brooks-Ngwenya has filed two post-judgment motions—a Motion to Submit Rule 60 Relief from

Summary Judgment and Request for ADR Mediation (ECF No. 21) and a Motion to Submit 2nd Rule 60 Relief from Judgment and Request for ADR Mediation (ECF Nos. 22-23).

A district court may correct a judgment under Rule 60(a) when the correction is based on a clerical mistake or a mistake arising from oversight or omission. Fed. R. Civ. P. 60(a). A district court may grant Rule 60(b) relief in six specified circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). In both motions, Brooks-Ngwenya attaches numerous exhibits and includes lengthy arguments that appear to relate to both Rule 60(a) and Rule 60(b). To the extent the Court can discern her arguments, all but one of those arguments are unpersuasive.[2] The one successful argument is the basis of the discussion below.

As explained above, the Court dismissed Brooks-Ngwenya's complaint in part because it found that her claims were barred by *res judicata*. Dismissal under 28 U.S.C. § 1915(e)(2)(B) is proper "when it is clear from the face of the complaint that *res judicata* bars the claims." *Atherton v. St. Vincent Hosp.*, 774 Fed. Appx. 304, 305 (7th Cir. 2019) (internal quotation marks omitted). In its Order dismissing the case, the Court noted similarities between this case and the case she filed before Judge Simon:

> Despite this Court's explicit direction in its December 11, 2025 Order, Brooks-Ngwenya provided no explanation in her Third Amended Complaint as to how this case can be distinguished from the prior case she filed in this District. The Court, on its own review, sees many similarities between the two cases. Two of the Defendants in this case—Bart Peterson and David Harris—were explicitly included as Defendants in the last case. The third Defendant, "The Office of Education

---

[2] For example, Brooks-Ngwenya argues that the case caption is incorrect, that the Court wrongly found she did not articulate grounds for subject-matter jurisdiction, and that the Court erred in stating that she is a restricted filer in the Southern District of Indiana. None of these arguments have merit.

> Innovation Mayor Sponsored Charter Schools Program" appears to be at least related to the "Mayor Sponsored Charter Schools Program" listed as a defendant in the prior case. In the prior case, Brooks-Ngwenya brought claims for copyright infringement, wrongful infliction of emotional distress, and breach of contract. In this case, she again brings claims for copyright infringement, though she brings additional claims as well. Both lawsuits appear to arise from alleged infringement of Brooks-Ngwenya's copyright on materials she developed for the Transitioning into Responsible Students educational program

5/5/26 Op. & Order at 3-4.

However, as Brooks-Ngwenya notes in her second Rule 60 motion, the claims Brooks-Ngwenya filed against Bart Peterson and David Harris in her earlier Northern District of Indiana case were not resolved by a final judgment on the merits. And in order for *res judicata* to apply, there must be "'(1) an identity of the parties or their privies; (2) an identity of the cause of action; and (3) a final judgment on the merits [in the earlier action].'" *Brooks-Ngwenya v. Pritchett*, 2022 WL 1204799, at *2 (S.D. Ind. Apr. 21, 2022) (quoting *Prochotsky v. Baker & McKenzie*, 966 F.2d 333, 334 (7th Cir. 1992)). While parts of her earlier Northern District of Indiana case were dismissed with prejudice—including her claims against "Bart Peterson's Mind Trust"—Brooks-Ngwenya's claims against David Harris and the Mayor Sponsored Charter Schools Program were dismissed without prejudice, and Bart Peterson as an individual defendant separate from the Mind Trust was added to that suit in an amended complaint that was later stricken by the court. For that reason, the Court will grant Brooks-Ngwenya relief from judgment and allow her to file an amended complaint against Bart Peterson, David Harris, and the Office of Education Innovation Mayor Sponsored Charter Schools Program.

Brooks-Ngwenya is warned, however, to avoid relitigating claims she has filed in other courts. As noted by both Judge Simon and by this Court in its previous order, Brooks-Ngwenya is a restricted filer in the Southern District of Indiana. In the Order Restricting New Filings, the Chief Judge for the Southern District of Indiana, Tanya Walton Pratt, stated that Brooks-Ngwenya "has

litigated the same issues in at least eight lawsuits in this Court, four lawsuits in the Northern District of Indiana, and in five appeals in the United States Court of Appeals for the Seventh Circuit." Order Restricting New Filings, *In the Matter of Angela Brooks Ngwenya*, No. 1:22-mc-00031 (S.D. Ind. Apr. 21, 2022). *Res judicata* bars relitigation of issues which were actually decided in a prior suit as well as all issues which could have been raised in that action, *Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 338 (7th Cir. 1995), and serves to minimize "the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-54 (1979). Brooks-Ngwenya has previously brought copyright infringement claims based on the educational program she developed, which were subsequently denied on the merits. *See Pritchett*, 2022 WL 1204799, at *5. However, while the claims appear similar, because the defendants in this case are different from the defendants brought in those, it is not clear at this point whether *res judicata* will ultimately bar the suit.

Further, the Court reminds Brooks-Ngwenya that her complaint must set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Brooks-Ngwenya has thus far submitted many pages of filings that make it difficult for the Court to discern exactly what she alleges. Her amended complaint must take the form of one single document that sets forth a short and plain statement that states her claims clearly, consistent with the requirements of Federal Rule of Procedure 8(a)(2). *See Flayter v. Wis. Dep't of Corr.*, 16 F. App'x 507, 509 (7th Cir. 2001) ("A prolix and confusing complaint should be dismissed because it makes it difficult for the defendant to file a responsive pleading and for the

court to conduct orderly litigation.") If Brooks-Ngwenya fails to comply with these directions, the Court will dismiss her suit.

For the reasons stated above, the Court GRANTS IN PART the Motion to Submit 2nd Rule 60 Relief from Judgment and Request for ADR Mediation (ECF No. 23). Brooks-Ngwenya is afforded until December 18, 2026 to file an amended complaint that contains a short and plain statement of her claims against Defendants Bart Peterson, David Harris, and The Office of Education Innovation, Mayor Sponsored Charter Schools Program. The Motion to Submit Rule 60 Relief from Summary Judgment and Request for ADR Mediation (ECF No. 21) and Motion to Submit Manual Filing of Attachments/Exhibits (ECF No. 22) are denied as moot.

**SO ORDERED** on November 17, 2026.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT